IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-0653-GPG-STV

ASCENT CLASSICAL ACADEMIES,

    Plaintiff,

v.

ASCENT CLASSICAL ACADEMY CHARTER SCHOOLS, INC. and
LANDS' END, INC. a/k/a LANDS END DIRECT MERCHANTS, INC.,

    Defendants.

## ORDER

Before the Court is the Motion For Attorneys' Fees (D. 79) filed by Defendant Ascent Classical Academy Charter Schools, Inc. (ACACS) and Defendant Lands' End, Inc. a/k/a Lands End Direct Merchants, Inc. (Lands End).  Defendants seek an award under 15 U.S.C. § 1117(a), which requires an "exceptional case[]" and makes the award discretionary.  An exceptional case under this statute is one "'that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'"  *Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F.4th 1222, 1245 (10th Cir. 2023) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014)).

Defendants argue that this case is exceptional "because of the substantive weakness of [Plaintiff]'s Lanham Act claims" and "because since 2017 [Plaintiff] had been fully aware of the

1

'plain language' of the contracts that granted to ACACS an 'extremely broad license' to use the school names at issue" (D. 79 at 3).

The Court does not agree. Neither the trademark claim nor the defenses raised to it prevailed. The Court rejected the arguments of all Parties, including Defendants' unreasonable position that ACACS owned the trademarks at issue, contrary to the express language in the agreement reserving ownership to Plaintiff and ACACS's status as the junior user (D. 76 at 2; D. 23-1 at 6–7 ("[ACACS] shall acquire no rights in the ASCENT trademarks, and all goodwill of the ASCENT trademarks shall inure to the benefit of and remain with [Plaintiff].")). Plaintiff's position was not frivolous or objectively unreasonable. *See Octane Fitness, LLC*, 572 U.S. at 555 (discussing factors used to determine whether a case is exceptional). This is not an exceptional case within the meaning of 15 U.S.C. § 1117(a).

Accordingly, it is ORDERED that the Motion For Attorneys' Fees (D. 79) is DENIED.

DATED March 20, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge